UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 22-60753-CV-SCOLA/GOODMAN**

FREDERICK R. ANTONELLI,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES**

Plaintiff filed an Unopposed Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [ECF No. 21]. Defendant does not oppose the request for fees. According to the Clerk's directive in these types of administrative appeals, all pretrial, non-dispositive matters have been referred to the Undersigned. [ECF No. 2].

Pursuant to the EAJA, 28 U.S.C. § 2412(a), the Court has discretion to require the defendant to pay the attorney's fees when the plaintiff is the prevailing party. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion and award Plaintiff **$6,885.77** in attorney's fees, contingent

upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

I.  **BACKGROUND**

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on April 18, 2022. [ECF No. 1]. Plaintiff filed a motion for summary judgment. [ECF No. 16]. On October 6, 2022, Defendant filed an unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g), requesting that the Court enter a judgment with remand to the Commissioner [ECF No. 17].

United States District Judge Robert N. Scola, Jr. entered an Order granting Defendant's motion and reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the case to the Commissioner for further proceedings. [ECF No. 18]. Thereafter, Plaintiff filed the instant amended[1] unopposed motion for attorney's fees under the EAJA. [ECF No. 21].

II.  **DISCUSSION**

A.  **Entitlement to Attorney's Fees**

A prevailing party is not ordinarily entitled to recover attorney's fees from his or her opponent. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, the EAJA explicitly provides that "a court shall award to a *prevailing party* other

---

[1] The Undersigned struck Plaintiff's initial fees motion for failure to confer with Defendant as required by Local Rule 7.3(a). [ECF No. 20].

than the United States fees and other expenses, in addition to any costs." 42 U.S.C. § 2412(d)(1)(A) (emphasis added).

The EAJA empowers the Court to grant "reasonable fees and expenses of attorneys." *McCullough v. Astrue*, No. 08-61954-CIV, 2009 WL 2461798, at *1 (S.D. Fla. Aug. 10, 2009) (quoting 28 U.S.C. § 2412(b)). The Court may award a prevailing plaintiff attorney's fees and expenses unless the Commissioner can show that her position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (determining that remand under sentence four of 42 U.S.C. § 405(g) "terminates the litigation with a victory for the plaintiff"); *see also Boronat v. Sullivan*, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (finding that remand under sentence four is a final judgment for purposes of filing a fee award under the EAJA).

Here, because Plaintiff obtained a sentence four remand, Plaintiff is the prevailing party for purposes of the EAJA. Further, Defendant does not dispute Plaintiff's request for attorney's fees. Thus, the Undersigned finds that Plaintiff is entitled to receive attorney's fees under the EAJA.

### B. Amount of Attorney's Fees

The EAJA provides:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hours unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412 (d)(2)(A); *see also Meyer v. Sullivan*, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation.").

Here, Plaintiff seeks an hourly rate of $234.21[2] for work performed in 2022. Courts have approved comparable EAJA hourly rates for work performed in 2022. *See Hallam v. Comm'r of Soc. Sec.*, No. 8:21-CV-3005-JSS, 2022 WL 4761655, at *2 (M.D. Fla. Oct. 3, 2022) (approving EAJA hourly rate of $233.07 for work performed in 2022); *Hutchinson v. Comm'r of Soc. Sec.*, No. 6:22-CV-198-MAP, 2022 WL 17104836, at *1 (M.D. Fla. Nov. 22, 2022) (approving hourly rate of $232.40); *Jones v. Kijakazi*, No. 8:22-CV-134-CPT, 2022 WL 17608769, at *2 (M.D. Fla. Dec. 13, 2022) (approving EAJA hourly rate of $231.49 for work performed in 2022); *Cousineau v. Comm'r of Soc. Sec.*, No. 8:21-CV-1815-JSS, 2022 WL

---

[2] Plaintiff's memorandum contains a reference to an hourly rate of $238.29 and 32.4 hours of attorney time. [ECF No. 21-1, p. 5]. But these numbers appear to be typographical errors. On the same page, Plaintiff states he is seeking to recover 29.4 hours at an hourly rate of $234.21 for a total of $6,885.77. *Id.* The declaration of Plaintiff's counsel confirms the number of hours being sought (29.4) and the hourly rate ($234.21). [ECF No. 21-2].

4384088, at *2 (M.D. Fla. Sept. 22, 2022) (approving $231.49 hourly rate for work performed in 2022). The Commissioner does not oppose Plaintiff's requested hourly rate and the Undersigned finds the requested rate to be reasonable.[3]

Plaintiff asserts that his attorney expended 29.4 hours on his case. [ECF Nos. 21-1, p. 5; 21-2]. The Undersigned has reviewed the hours submitted with Plaintiff's motion and finds the time expended by Plaintiff's attorney to be reasonable. Moreover, the Commissioner does not object to Plaintiff's requested hours. [ECF Nos. 21-1, p. 5].

## III.   CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award Plaintiff **$6,885.77** in attorney's fees,

---

[3]   The adjusted rate is determined by first calculating the cost-of-living percentage increase by subtracting the March 1996 rate ($155.70) from the Annual Consumer Price Index ("CPI") for 2022 (when the work was performed) and dividing that number by the March 1996 rate. *See Ingels v. Comm'r of Soc. Sec.*, No. 6:16-cv-1581-Orl-37KRS, 2018 WL 1832214, at *1, n.3 (M.D. Fla. Apr. 9, 2018). The cost-of-living percentage increase is then applied to the $125.00 statutory rate to calculate the adjusted hourly rate permitted by the EAJA. *Id.*

The Undersigned has independently calculated the statutory EAJA cap. Because there is no "Annual" CPI rate for 2022, the Undersigned used the average CPI rates from January through November 2022 (3,215.062 ÷ 11 = 292.278) and then subtracted that figure from it the March 1996 rate (292.278 − 155.7 = 136.578) and then divided that number by the March 1996 rate (136.578 ÷ 155.7 = 0.8772). These calculations resulted in the cost-of-living percentage increase from March 1996 through November 2022. The cost-of-living percentage increase was then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.8772 × 125) + 125 = 234.65). *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (last visited December 22, 2022).

contingent upon a determination by Defendant that Plaintiff owes no qualifying, preexisting debt(s) to the Government, for which sum let execution issue.

## IV.   OBJECTIONS

The parties will have two (2) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within two (2) days of the objection.[4] Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, December 22, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record

---

[4] The Undersigned is shortening the objections period because Defendant does not oppose Plaintiff's request for attorney's fees.